UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23507-CIV-GOLD/MCALILEY

**Unsealed** 11/24/2009

FEDERAL TRADE COMMISSION,

      Plaintiff,

      v.

Kirkland Young, LLC, a limited liability
company, and

David Botton, individually and as manager of
Kirkland Young, LLC,

      Defendants.

[SEALED ORDER]



FILED by _____ D.C.

NOV 1 9 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

### ORDER TO SHOW CAUSE AND
### *EX PARTE* TEMPORARY RESTRAINING ORDER
### WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

      Plaintiff, Federal Trade Commission ("FTC" or the "Commission"), has filed a

Complaint for Injunctive and other Equitable Relief pursuant to Section 13(b) and 19 of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the

Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15

U.S.C. §§ 6101-6108, and an emergency motion for an *ex parte* temporary restraining order with

asset freeze and other equitable relief , and order to show cause, pursuant to Rule 65(b) of the

Federal Rules of Civil Procedure. This Court has considered Plaintiff's Complaint, Motion, and

the declarations, exhibits, and memoranda submitted in support thereof, and finds as follows:

      1.     This Court has jurisdiction over the subject matter of this case, and there is good

cause to believe that it will have jurisdiction over all parties hereto;



2.      There is good cause to believe that venue lies properly with this Court;

3.      There is good cause to believe that Kirkland Young, LLC, and David Botton (herein collectively referred to as "Defendants") have engaged, and are likely to continue to engage, in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as well as various provisions of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and that the FTC is therefore likely to prevail on the merits of this action.

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets or corporate records unless Defendants are immediately restrained and enjoined by Order of this Court.  There is thus good cause for an asset freeze, the appointment of a temporary receiver over the Receivership Defendant, as defined herein, immediate access to Defendants' business premises, and for relieving Plaintiff of the duty to provide Defendants with prior notice of Plaintiff's motion.  Based on the foregoing, there is good cause to issue this order on an *ex parte* basis.

5.      The Court has considered the FTC's likelihood of ultimate success and weighed the equities, and finds that a temporary restraining order providing for an asset freeze, the appointment of a temporary receiver, the preservation of business records, financial disclosures, and other equitable relief is in the public interest.

6.      Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency thereof.

## DEFINITIONS

For the purposes of this Temporary Restraining Order, the following definitions apply:

1.     **"Assets"**  means any legal or equitable interest in, right to, or claim to, any and all real and personal property of Defendants, or held for the benefit of Defendants, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, inventory, checks, notes, accounts, credits, receivables, shares of stock, contracts, and all cash and currency, or other assets, or any interest therein, wherever located.

2.     **"Corporate Defendant"** means Kirkland Young, LLC, and its successors and assigns, and d/b/a's.

3.     **"Defendants"** means the Individual Defendant and Corporate Defendant, individually or collectively.

4.     **"Document"** is synonymous in meaning and equal in scope to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a)(1)(A).

5.     **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

6.     **"Individual Defendant"** means David Botton and by whatever other names he may be known.

7.     **"Mortgage loan modification service"** means any service, product, or program that is represented, expressly or by implication, to assist a homeowner in any manner to:  (A) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage; (B)

obtain or arrange a refinancing, recapitalization, or reinstatement of a home loan, deed of trust, or mortgage; (C) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (D) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (E) obtain any forbearance from any beneficiary or mortgagee; (F) obtain a loan or advance of funds that is connected to the consumer's home ownership; (G) avoid or ameliorate the impairment of the owner's credit standing, credit rating or credit profile; (H) examine, audit or evaluate any term of a home loan, deed of trust or mortgage; or (I) save the consumer's residence from foreclosure.

8.      "**Plaintiff**" means the Federal Trade Commission ("Commission" or "FTC").

9.      "**Receivership Defendant**" means Kirkland Young, LLC, and its successors, assigns, and d/b/a's.

10.     "**Telemarketing**" means any plan, program or campaign (whether or not covered by the TSR,16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

11.     "**Temporary Receiver**" means the Temporary Receiver appointed in Section X of this Order. The term "Temporary Receiver" also includes any deputy receivers or agents as may be named by the Temporary Receiver.

## I.

## ORDER TO SHOW CAUSE AND PROCEDURES

Accordingly, Plaintiffs' Application for the Issuance of a Temporary Restraining Order without notice is **GRANTED in part** and it is **ORDERED AND ADJUDGED** that:

(1)     A Preliminary Injunction Hearing shall be held before the Honorable Alan S. Gold at the United States District Court, 400 N. Miami Avenue, Courtroom 11-1, Eleventh Floor, Miami, Florida, 33128 on **Monday, November 30, 2009 at 1:30 p.m.**

(2)     Prior to the hearing, the parties shall present all direct testimony of witnesses by affidavit.  These affidavits shall be filed with the court and served upon defendants.

(3)     At the hearing, counsel will be permitted to cross-examine witnesses.

(4)     Each party shall file, **by 4:30 p.m. on or before November 23, 2009** a comprehensive memorandum containing findings of fact and conclusions of law that addresses the requirements for a preliminary injunction and applies the facts contained in the supporting affidavits to those facts.  Specifically, they must discuss the ability of the plaintiffs to demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs any potential harm to the defendant; and (4) granting the injunction would not be adverse to the public interest.  *Warren Publishing Inc. v. Microdos Data Corp.*, 115 F.3d 1509 (11th Cir. 1997); *Tepper v. Miller*, 82 F.3d 989, 992-93 n.3 (11th Cir. 1996); *Haitian Refugee Center, Inc. v. Nelson*, 872 F.2d 1555, 1561-62 (11th Cir. 1989); *Canal Auth. v. Calloway*, 489 F.2d 567, 572 (5th Cir. 1974).  Counsel's memoranda shall include citations to, and discussion of, the relevant case law.  The memoranda filed with the Court shall also be sent to the Court's ECF E-mail at AGOLD@FLSD.USCOURTS.GOV

(6)     Plaintiffs immediately shall serve this Order, as well as all the papers upon which it is based, upon the Defendants and/or their attorney(s).

This Temporary Restraining Order is entered this _19_ day of _November_, 2009 at

_5:15 p m_ _(XB)_

**II.**

## DURATION OF ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein

shall expire on the _1st_ day of _December_, 2009, at _12:00 noon_ _o'clock a.m./p.m._,

unless within such time, the Order, for good cause shown, is extended for an additional period

not to exceed ten (10) calendar days, or unless it is further extended pursuant to Federal Rule of

Civil Procedure 65.

**III.**

## INJUNCTION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing,

promotion, offering for sale or sale of any mortgage loan modification service, Defendants, and

each of their successors, assigns, members, officers, agents, servants, employees, and attorneys,

and those persons in active concert or participation with them who receive actual notice of this

Order by personal service or otherwise, whether acting directly or through any entity,

corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and

enjoined from misrepresenting, or from assisting others who are misrepresenting, either orally or

in writing, expressly or by implication:

    A.    That any Defendant or any other person will:

        1.    obtain or arrange for consumers mortgage loan modifications that will

              make consumers' mortgage payments substantially more affordable;

6

2.      guarantee a loan modification or obtain a loan modification with a high likelihood of success;

3.      obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage;

4.      stop, prevent, or postpone any home mortgage foreclosure sale or save any consumer's residence from foreclosure;

A.      The terms that any beneficiary, mortgagee, or other home-loan holder will or is likely to offer or accept to cure any delinquency or default on, or to reinstate or modify, any mortgage, deed of trust, or other home loan;

B.      The amount of time it will take or is likely to take to obtain or arrange a modification of any term of a consumer's home loan, deed of trust, or mortgage, including any recapitalization or reinstatement agreement;

C.      The degree of success that any Defendant or any other person has had in performing mortgage loan modification or foreclosure relief services;

D.      The nature of Defendants' or any other person's relationship with any mortgage loan holder or servicer, or other lender;

E.      That any Defendant has received a request or application for loan modification from a consumer;

F.      That any Defendant has the ability to approve a request or application for loan modification;

G.      That any Defendant is a loan modification department or modification department or works for such a department; or

H.      Any material fact.

7

## IV.

### PROHIBITED BUSINESS ACTIVITIES
### PURSUANT TO THE TELEMARKETING SALES RULE

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage, credit repair service, credit-related product, program, or service, or mortgage loan modification service to consumers, Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and enjoined from violating, or assisting others in violating, any provision of the TSR, 16 C.F.R. Part 310, as presently promulgated or as it may hereinafter be amended, by, including, but not limited to:

  A.  Misrepresenting, directly or by implication, a material aspect of the performance, efficacy, nature or central characteristic of such services, including that Defendants will obtain mortgage loan modifications for consumers in all or virtually all instances that will make their mortgage payments substantially more affordable in violation of Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii); or

  B.  Misrepresenting, directly or by implication, their affiliation with or endorsement or sponsorship by, a person or government entity, including that Defendants are part of, affiliated with or endorsed by lenders of consumers to whom they offer their loan modification or foreclosure relief services in violation of Section 310.3(a)(2)(vii) of the TSR, 16 C.F.R. § 310.3(a)(2)(vii).

**V.**

**ASSET FREEZE**

**IT IS FURTHER ORDERED** that the Defendants are hereby temporarily restrained and enjoined from directly or indirectly:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are (1) owned or controlled, directly or indirectly, by any Defendant(s), in whole or in part, or held, in whole or in part for the benefit of any Defendant(s); (2) in the actual or constructive possession of any Defendant(s); or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant(s), including, but not limited to, any assets held by, for, or under the name of any Defendant(s) at any bank, savings and loan institution, or bank of any Defendant(s), or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B.      Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant(s), or subject to access by any Defendant(s);

C.      Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Defendants;

D.      Obtaining a personal or secured loan;

E.     Incurring liens or encumbrances on real property, personal property or other assets in the name, singly or jointly of any Defendant(s); and

F.     Cashing any checks from consumers, clients, or customers of any Defendant(s). The assets affected by this Section shall include (a) all assets of the Defendants as of the time this Order is entered; and (b) only those assets of Defendants that are derived from the actions alleged in Plaintiff's Complaint. This Section does not prohibit transfers to the Temporary Receiver, as specifically required in Section XIII (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section VIII of this Order.

## VI.

## FINANCIAL REPORTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that each Defendant shall:

A.     Prepare and serve on counsel for Plaintiff and the Temporary Receiver, within three (3) business days after service of this Order, completed financial statements fully disclosing the Defendants' finances and those of all corporations, partnerships, trusts or other entities that each Defendant owns, controls, or is associated with in any capacity, jointly or individually, on the forms attached to this Order as Attachments A and B, accurate as of the date of service of this Order upon Defendants;

B.     Prepare and serve on counsel for Plaintiff and the Temporary Receiver, within three (3) business days after service of this Order, copies of signed and completed federal and state income tax forms, including all schedules and attachments for the three most recent filing years;

C.      Provide access to records and documents held by financial institutions outside the territory of the United States, by signing the Consent to Release of Financial Records attached to this Order as Attachment C, immediately upon service of this Order upon them, or within such time as permitted by the Temporary Receiver or counsel for Plaintiff in writing; and

D.      Provide copies of such other financial statements as the Temporary Receiver or Plaintiff may request in order to monitor Defendants' compliance with the provisions of this Order.

## VII.

### RETENTION OF ASSETS AND RECORDS
### BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, trust, entity, or person that holds, controls, or maintains custody of any account or asset owned or controlled by any Defendant(s), or has held, controlled, or maintained any account or asset of, or on behalf of, any Defendant(s) at any time since December 11, 2007, upon service with a copy of this Order, shall:

A.      Hold and retain within its control and prohibit Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any of the assets, funds, or other property held by or on behalf of any Defendant(s) in any account maintained in the name of or for the benefit of any Defendant(s), in whole or in part, except:

   1.     as directed by further order of the Court; or

   2.     as directed in writing by the Temporary Receiver (regarding assets held in the name or for the benefit of the Receivership Defendant).

11

B.     Deny the Defendants access to any safe deposit box titled in the name of any Defendant(s), individually or jointly, or subject to access by any Defendant(s), whether directly or indirectly.

C.     Provide counsel for Plaintiff and the Temporary Receiver, within three (3) business days after being served with a copy of this Order, a certified statement setting forth:

        1.     the identification number of each such account or asset titled (1) in the name, individually or jointly, of the Individual Defendant or the Receivership Defendant; (2) held on behalf of, or for the benefit of, the Individual Defendant or the Receivership Defendant; (3) owned or controlled by the Individual Defendant or the Receivership Defendant; or (4) otherwise subject to access by the Individual Defendant or the Receivership Defendant, directly or indirectly;

        2.     the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

        3.     the identification of any safe deposit box that is either titled in the name of any Defendant(s), or is otherwise subject to access by any Defendant(s); and

4.      if an account, safe deposit box, or other asset has been closed or removed,

the date closed or removed, the balance on such date, and the manner in

which such account or asset was closed or removed.

D.      Provide counsel for Plaintiff and the Temporary Receiver, within three (3)

business days after being served with a request, copies of all documents pertaining to such

account or asset, including but not limited to originals or copies of account applications, account

statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all

other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe

deposit box logs; provided that such institution or custodian may charge a reasonable fee.

E.      Cooperate with all reasonable requests of the Temporary Receiver relating to this

Order's implementation.

## VIII.

## REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within three (3) business days following the service

of this Order, each Defendant shall:

A.      Provide counsel for Plaintiff and the Temporary Receiver with a full accounting

of all funds and assets outside of the territory of the United States which are held either: (1) by

Defendant(s); (2) for the benefit of any Defendant(s); or (3) under direct or indirect control,

individually or jointly, of any Defendant(s), as required by the forms included in Attachments A

and B;

B.      Transfer to the territory of the United States all such funds and assets in foreign

countries; and

C.      Hold and retain all repatriated funds and assets, and prevent any disposition,

transfer, or dissipation whatsoever of any such assets or funds, except as required by this Order.

## IX.

## NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns,

members, officers, agents, servants, employees, and attorneys, and those persons in active

concert or participation with them who receive actual notice of this Order by personal service or

otherwise, whether acting directly or through any entity, corporation, subsidiary, division,

affiliate or other device, are hereby temporarily restrained and enjoined from taking any action,

directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in

the hindrance of the repatriation required by Section VIII of this Order, including but not limited

to:

A.      Sending any statement, letter, fax, e-mail or wire transmission, telephoning or

engaging in any other act, directly or indirectly, that results in a determination by a foreign

trustee or other entity that a "duress" event has occurred under the terms of a foreign trust

agreement, until such time that all assets have been fully repatriated pursuant to Section VIII of

this Order; and

B.      Notifying any trustee, protector or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

a Court Order, until such time that all assets have been fully repatriated pursuant to Section VIII

of this Order.

## X.

## APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that _Mark Raymond, Squire_ is appointed

Temporary Receiver for the Receivership Defendant, and any affiliates or subsidiaries thereof

controlled by the Receivership Defendant, with the full power of an equity Receiver.  The

Temporary Receiver shall be the agent of this Court and solely the agent of this Court in acting

as Temporary Receiver under this Order.  The Temporary Receiver shall be accountable directly

to this Court.  The Temporary Receiver shall comply with all local rules and laws governing

federal equity receivers.  _Mr. Raymond's qualifications (DG) are attached to this One; SEE ATTACHMENT "D."_

## XI.

## COOPERATION WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall fully cooperate with and assist the

Temporary Receiver.  Defendants' cooperation and assistance shall include, but not be limited

to, providing any information to the Temporary Receiver that the Temporary Receiver deems

necessary to exercise the authority and discharge the responsibilities of the Temporary Receiver

under this Order; providing any login and password required to access any computer or

electronic files or information in any medium; and advising all persons who owe money to the

the Receivership Defendant that all debts should be paid directly to the Temporary Receiver.

Defendants are hereby restrained and enjoined from directly or indirectly:

    A.    Transacting any of the business of the Receivership Defendant;

    B.    Excusing debts owed to the Receivership Defendant;

    C.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of

any documents of the Receivership Defendant;

15

D.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendant, or the Temporary Receiver;

E.      Failing to notify the Temporary Receiver of any asset, including accounts, of the Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Temporary Receiver in connection with obtaining possession, custody, or control of such assets; or

F.      Doing any act or thing whatsoever to interfere with the Temporary Receiver's taking and keeping custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Temporary Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant; or to refuse to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court.

This Section does not prohibit transfers to the Temporary Receiver, as specifically required in Section XIII (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section VIII of this Order.

## XII.

## DUTIES AND AUTHORITY OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and authorized to accomplish the following:

16

A.      Assume full control of the Receivership Defendant by removing, as the Temporary Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of the Receivership Defendant, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendant.

B.      Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendant, wherever situated.  The Temporary Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendant and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendant.

C.      Take all steps necessary to secure the business premises of the Receivership Defendant, which may include, but are not limited to, taking the following steps as the Temporary Receiver deems necessary or advisable:  (1) serving and filing this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendant, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) video-recording all portions of the location; (5) changing the locks and disconnecting any computer networks or other means of access to electronically stored information or other documents maintained at that location; or (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Temporary Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Temporary Receiver that such persons are not removing from the premises documents or assets of the Receivership

17

Defendant.  Such authority shall include, but not be limited to, the authority to order any owner, director, or officer of the Receivership Defendant to remove him or herself from the business premises.

       D.      Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers, including, but not limited to, obtaining an accounting of the assets and preventing the transfer, withdrawal, or misapplication of assets.

       E.      Enter into contracts and purchase insurance as advisable or necessary.

       F.      Prevent the inequitable distribution of assets and to determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendant.

       G.      Manage and administer the business of the Receivership Defendant until further order of this Court by performing all incidental acts that the Temporary Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents.

       H.      Choose, engage, and employ attorneys, accountants, appraisers, investigators, and other independent contractors and technical specialists, as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities.

       I.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order,

except payments that the Temporary Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments.

J.       Collect any money due or owing to the Receivership Defendant.

K.       Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Temporary Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendant or to carry out the Temporary Receiver's mandate under this Order.

L.       Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted against the Receivership Defendant or the Temporary Receiver, that the Temporary Receiver deems necessary and advisable to preserve the assets of the Receivership Defendant or to carry out the Temporary Receiver's mandate under this Order.

M.       Continue and conduct the businesses of the Receivership Defendant in such manner, to such extent, and for such duration as the Temporary Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably, using the assets of the receivership estate, and lawfully, if at all.

N.       Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership and compliance with this Order.  Subpoenas may be served by agents or attorneys of the Temporary Receiver and by agents of any process server retained by the Temporary Receiver.

O.       Open one or more bank accounts as designated depositories for funds of the Receivership Defendant. The Temporary Receiver shall deposit all funds of the Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such an account.

P.      Maintain accurate records of all receipts and expenditures made by the Temporary Receiver.

## XIII.

## DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that immediately upon service of this Order upon them, the Defendants, including the Receivership Defendant, shall forthwith or within such time as permitted by the Temporary Receiver in writing, deliver to the Temporary Receiver possession and custody of:

A.      All funds, assets, and property of the Receivership Defendant, whether situated within or outside the territory of the United States, which are: (1) held by the Receivership Defendant, individually or jointly, (2) held for the benefit of the Receivership Defendant, or (3) under the direct or indirect control, individually or jointly, of the Receivership Defendant;

B.      All documents of the Receivership Defendant, including but not limited to all books and records of assets including funds and property, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), corporate minutes, contracts, customer and consumer lists, title documents, and electronic records;

C.      All funds and other assets belonging to members of the public now held by the Receivership Defendant;

D.      All keys, computer and other passwords, entry codes, combinations to locks required to open or gain access to any of the property or effects, and all monies in any bank deposited to the credit of the Receivership Defendant, wherever situated; and

20

E.      Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendant.

## XIV.

## TRANSFER OF FUNDS TO THE TEMPORARY RECEIVER
## BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, any financial or  brokerage institution or depository, escrow agent, title company, commodity trading company, or trust shall cooperate with all reasonable requests of counsel for Plaintiff and the Temporary Receiver relating to implementation of this Order, including transferring funds at the Temporary Receiver's direction and producing records related to the assets and sales of the Receivership Defendant.

## XV.

## TEMPORARY RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Temporary Receiver shall report to this Court on or before the date set for the hearing to Show Cause regarding the Preliminary Injunction, regarding:  (1) the steps taken by the Temporary Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendant; (3) the sum of all liabilities of the Receivership Defendant; (4) the steps the Temporary Receiver intends to take in the future to:  (a) prevent any diminution in the value of assets of the Receivership Defendant; (b) pursue receivership assets from third parties; and (c) adjust the liabilities of the Receivership Defendant, if appropriate; and (5) any other matters which the Temporary Receiver believes should be brought to the Court's attention.  Provided, however, if any of the required information would hinder the Temporary Receiver's ability to pursue receivership assets, the

portions of the Temporary Receiver's report containing such information may be filed under seal

and not served on the parties.

## XVI.

### TEMPORARY RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of

this Court a bond in the sum of $ _25,000.00_ with sureties to be approved by the Court, conditioned

that the Temporary Receiver will well and truly perform the duties of the office and abide by and

perform all acts the Court directs, *Subject to Further order of*

*Court increasing or decreasing The amount.*

## XVII.

### COMPENSATION OF THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver, and all persons or entities

retained or hired by the Temporary Receiver as authorized under this Order, shall be entitled to

reasonable compensation for the performance of duties undertaken pursuant to this Order and for

the cost of actual out-of-pocket expenses incurred by them from the assets now held by or in the

possession or control of, or which may be received by, the Receivership Defendant.  The

Temporary Receiver shall file with the Court and serve on the parties a request for the payment

of reasonable compensation at the time of the filing of any report required by Section XV of this

Order.  The Temporary Receiver shall not increase the fees or rates used as the bases for such fee

applications without prior approval of the Court.

## XVIII.

### TEMPORARY RECEIVER AND COMMISSION ACCESS
### TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that Plaintiff, the Temporary Receiver, and their
respective representatives, agents, contractors, or assistants, are permitted and the Defendants
shall allow immediate access to any business premises and storage facilities of the Receivership
Defendant.  Such locations include, but are not limited to, the offices and facilities of the
Receivership Defendant at or in the vicinity of 2915 Biscayne Blvd., 303, Miami, Florida 33137.

Plaintiff and the Temporary Receiver are authorized to employ the assistance of law
enforcement officers, including, but not limited to, the United States Marshals Service, to effect
service, to implement peacefully the provisions of this Order, and keep the peace.  The
Temporary Receiver shall allow Plaintiff into the premises and facilities described in this Section
and shall allow Plaintiff and its representatives, agents, contractors, or assistants to inspect,
inventory, and copy documents relevant to any matter contained in this Order.  Counsel for
Plaintiff and the Temporary Receiver may exclude Defendants and their agents and employees
from the business premises and facilities during the immediate access.

Defendants and all agents or employees of Defendants shall provide counsel for Plaintiff
and the Temporary Receiver with any necessary means of access to documents, including,
without limitation, the locations of Receivership Defendant's business premises, keys and
combinations to business premises locks, computer access codes of all computers used to
conduct Receivership Defendant's business, and storage area access information.

The Temporary Receiver and counsel for Plaintiff shall have the right to remove any
documents related to Defendants' business practices from the premises in order that they may be

inspected, inventoried, and copied. The materials so removed shall be returned within five (5) business days of completing said inventory and copying.

If any property, records, documents, or computer files relating to the Receivership Defendant's finances or business practices are located in the residence of any Defendant or are otherwise in the custody or control of any Defendant, then such Defendant shall produce them to the Temporary Receiver within twenty-four (24) hours of service of this Order. In order to prevent the destruction of computer data, upon service of this Order upon Defendants, any such computers shall be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be powered up or used again until produced for copying and inspection, along with any codes needed for access.

## XIX.

## DEFENDANTS' ACCESS TO PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that the Temporary Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendant. The purpose of this access shall be to inspect, inventory, and copy any and all documents and other property owned by or in the possession of the Receivership Defendant, provided that those documents and property are not removed from the premises. The Temporary Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XX.

### PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or finances of any Defendant, including, but not limited to, any contracts, accounting data, correspondence, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes, recordings, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns.

### XXI.

### PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are temporarily restrained and enjoined from disclosing, using, or benefitting from customer information, including the name, address, telephone number, email

25

address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with any mortgage, credit repair service, credit-related product, program, or service, or mortgage loan modification service.

## XXII.

### CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any of the Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## XXIII.

### NOTIFICATION OF BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that:

A.      The Individual Defendant is temporarily restrained and enjoined from directly or indirectly creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first serving on counsel for Plaintiff a written statement disclosing the following: (l) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended or actual activities.

B.      The Individual Defendant shall notify Plaintiff at least seven (7) days prior to affiliating with, becoming employed by, or performing any work for any business that is not a

26

named Defendant in this action.  Each notice shall include the Individual Defendant's new business address and a statement of the nature of the business or employment and the nature of his duties and responsibilities in connection with that business or employment.

## XXIV.

## BANKRUPTCY PETITIONS

**IT IS FURTHER ORDERED** that, in light of the appointment of the Temporary Receiver, the Receivership Defendant is hereby prohibited from filing a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## XXV.

## STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.      Except by leave of this Court, during the pendency of the Receivership ordered herein, the Receivership Defendant and all customers, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of the Receivership Defendant, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents, and employees be and are hereby stayed from:

B.      Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

C.      Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

D.      Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

E.      Doing any act or thing whatsoever to interfere with the Temporary Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Temporary Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant.

F.      This Section does not stay:

    1.      The commencement or continuation of a criminal action or proceeding;

    2.      The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

    3.      The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

    4.      The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage

or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five (5) or more living units; or

5.    The issuance to a Receivership Defendant of a notice of tax deficiency.

## XXVI.

### SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission or email, by employees or agents of the Plaintiff or the Temporary Receiver, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXVII.

### ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that each Defendant, within three (3) business days of receipt of this Order, must submit to counsel for Plaintiff a truthful sworn statement acknowledging receipt of this Order.

## XXVIII.

### PROOF OF DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to their agents, servants, employees, consultants, and any affiliated businesses, and other persons and entities subject in any part to their direct or indirect control. Within five (5)

business days of receipt of this Order, Defendants must submit to counsel for Plaintiff a truthful

sworn statement identifying those persons and entities to whom this Order has been distributed.

## XXIX.

### CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence

and service of pleadings on Plaintiff shall be addressed to:

> Chris M. Couillou, Esq.
> Sana C. Chriss, Esq.
> Federal Trade Commission
> 225 Peachtree Street, Suite 1500
> Atlanta, Georgia 30303
> facsimile number (404) 656-1379
> Email:  ccouillou@ftc.gov; schriss@ftc.gov

## XXX.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that the Court shall continue to retain jurisdiction of this

matter for all purposes.

**IT IS SO ORDERED**, this _19_ day of _November_ 2009, at _5:5_ o'clock

a.m./p.m.


_____
UNITED STATES DISTRICT JUDGE
ALAN S. GOLD

30

## FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions**:

1.  Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.  "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3.  "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4.  Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number(s) being continued.

5.  Type or print legibly.

6.  Initial each page in the space provided in the lower right corner.

7.  Sign and date the completed financial statement on the last page.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

> (1)  "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

> (2)  "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

> (3)  "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# ATTACHMENT A

## BACKGROUND INFORMATION

**Item 1.**        **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address _____ Rent or Own? _____ From/Until _____

Address _____ Rent or Own? _____ From/Until _____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used _____

**Item 2.**        **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own? _____ Telephone No. _____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.**        **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

**Item 4.**        **Contact Information**

Initials _____

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

## Item 5.        **Information About Dependents Who Live With You**

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

## Item 6.        **Information About Dependents Who Do Not Live With You**

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

▸Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

## Item 7.        **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

## Item 7. continued

Initials _____

Income Received:  This year-to-date:  $_____          _____ :  $_____

20_____ :  $_____          _____ :  $_____

_____ :  $_____          _____ :  $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____ :  $_____

20_____ :  $_____          _____ :  $_____

_____ :  $_____          _____ :  $_____

▸Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Income Received:  This year-to-date:  $_____          _____ :  $_____

20_____ :  $_____          _____ :  $_____

_____ :  $_____          _____ :  $_____

## Item 8.        Pending Lawsuits Filed by You or Your Spouse

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

## Item 9.        Pending Lawsuits Filed Against You or Your Spouse

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency.  (List

lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

## Item 10.           Safe Deposit Boxes

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

Owner's Name                  Name & Address of Depository Institution                  Box No.

_____     _____    _____

_____     _____    _____

_____     _____    _____

## Item 11.      Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

▸Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

▸Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Initials _____

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER:** "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

**Item 12.**                    **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____          Cash Held For Your Benefit  $_____

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

**Item 13.**                    **U.S. Government Securities**

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

**Item 14.**        **Publicly Traded Securities and Loans Secured by Them**

Page 6                                                        Initials _____

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

## Item 15.        Other Business Interests

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

## Item 16.        Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

## Item 17.        Other Amounts Owed to You, Your Spouse, or Your Dependents

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

**Item 18.**         **Life Insurance Policies**

List all life insurance policies held by you, your spouse, or your dependents.

‣Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

‣Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

**Item 19.**         **Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

‣Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

‣Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

**Item 20.**         **Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to,

furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

## Item 21.       Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

## Item 21.  Continued

▸Vehicle Type _____ Make _____ Model _____ Year _____

Page 9                                              Initials _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 22.**      **Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property _____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**      **Credit Cards**

List each credit card held by you, your spouse, or your dependents.  Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

## Item 24.      Taxes Payable

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |

## Item 25.      Judgments or Settlements Owed

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

**Item 26.**     **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

‣Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____

‣Name & Address of Lender/Creditor _____

Nature of Liability_____ Name(s) on Liability_____

Date of Liability_____ Amount Borrowed $_____ Current Balance $_____

Payment Amount $_____ Frequency of Payment_____


## OTHER FINANCIAL INFORMATION


**Item 27.**     **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|----------|-------------------|-----------------|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |


**Item 28.**     **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|------------------------|--------------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |


**Item 29.**     **Trusts and Escrows**

Page  12                                           Initials _____

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

## Item 30.    Transfers of Assets

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g., Loan, Gift*) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Initials _____

## SUMMARY FINANCIAL SCHEDULES

**Item 31.**          **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand<br>(Item 12) | $_____ | Credit Cards<br>(Item 23) | $_____ |
| Cash in Financial Institutions<br>(Item 12) | $_____ | Motor Vehicles - Liens<br>(Item 21) | $_____ |
| U.S. Government Securities<br>(Item 13) | $_____ | Real Property - Encumbrances<br>(Item 22) | $_____ |
| Publicly Traded Securities<br>(Item 14) | $_____ | Loans Against Publicly Traded Securities<br>(Item 14) | $_____ |
| Other Business Interests<br>(Item 15) | $_____ | Taxes Payable<br>(Item 24) | $_____ |
| Judgments or Settlements Owed<br>to You (Item 16) | $_____ | Judgments or Settlements Owed<br>(Item 25) | $_____ |
| Other Amounts Owed to You<br>(Item 17) | $_____ | Other Loans and Liabilities<br>(Item 26) | $_____ |
| Surrender Value of Life Insurance<br>(Item 18) | $_____ | | |
| Deferred Income Arrangements<br>(Item 19) | $_____ | **Other Liabilities** (Itemize) | |
| Personal Property<br>(Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles<br>(Item 21) | $_____ | _____ | $_____ |
| Real Property<br>(Item 22) | $_____ | _____ | $_____ |
| | | _____ | $_____ |
| **Other Assets** (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| **Total Assets** | $_____ | **Total Liabilities** | $_____ |

Initials _____

<u>**Item 32.**</u>    **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | <u>Other Expenses</u> (Itemize) | |
| <u>Other Income</u> (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

Initials _____

## ATTACHMENTS

**Item 33.**        **Documents Attached to this Financial Statement**

List all documents that are being submitted with this financial statement.

Item No. Document                                          Description of Document
    Relates To

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____


      I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:


_____                    _____
(Date)                                                            Signature


Initials _____

## FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.       Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.       In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3.       When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4.       Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

5.       Type or print legibly.

6.       An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

# ATTACHMENT B

## BACKGROUND INFORMATION

__Item 1.__        **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

__Item 2.__        **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____  Inactive _____  Dissolved _____

If Dissolved:  Date dissolved _____  By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____  Corporation's Business Activities _____

__Item 3.__        **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

**Item 4.**          **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
| --- | --- |
| | |
| | |
| | |
| | |

**Item 5.**          **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
| --- | --- | --- |
| | | |
| | | |
| | | |
| | | |
| | | |

**Item 6.**          **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
| --- | --- |
| | |
| | |
| | |
| | |
| | |

Initials _____

**Item 7.**          **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**          **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**          **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.  A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

Initials _____

**Item 10.**　　　　**Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Item 11.**　　　　**Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
|  |  |
|  |  |
|  |  |
|  |  |

**Item 12.**　　　　**Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Initials _____

**Item 13.**        **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 14.**          **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 15.**      **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**          **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

Owner's Name          Name & Address of Depository Institution                                               Box No.

_____  _____  _____

_____  _____  _____

_____  _____  _____

_____  _____  _____

_____  _____  _____


## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**      **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

**Item 18.**      **Financial Statements**

Initials _____

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |

**Item 19.       Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

|                        | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|------------------------|----------------------|------------|-------------|-------------|
| Gross Revenue          | $                    | $          | $           | $           |
| Expenses               | $                    | $          | $           | $           |
| Net Profit After Taxes | $                    | $          | $           | $           |
| Payables               | $                    |            |             |             |
| Receivables            | $                    |            |             |             |

**Item 20.       Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____   Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|-----------------------------------------|------------------------|-------------|-----------------|
|                                         |                        |             | $               |
|                                         |                        |             | $               |
|                                         |                        |             | $               |
|                                         |                        |             | $               |

**Item 21.       Government Obligations and Publicly Traded Securities**

Initials _____

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

## Item 22.      Real Estate

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

## Item 23.      Other Assets

Page  10                                                          Initials _____

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

## Item 24.   Trusts and Escrows

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

## Item 25.   Monetary Judgments and Settlements Owed To the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Initials _____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**      **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 27.**      **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Initials _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

### Item 28.        Credit Cards

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

Name of Credit Card or Store                    Names of Authorized Users and Positions Held

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

### Item 29.        Compensation of Employees

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ _____ |
| _____ | $_____ | $_____ | $_____ _____ |
| _____ | $_____ | $_____ | $_____ _____ |
| _____ | $_____ | $_____ | $_____ _____ |
| _____ | $_____ | $_____ | $_____ _____ |

### Item 30.        Compensation of Board Members and Officers

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

Page  13                                                    Initials _____

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

**Item 31.**      **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

**Item 32.**      **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document Relates To      Description of Document

Page 14

Initials _____

_____  _____
_____  _____
_____  _____
_____  _____
_____  _____
_____  _____
_____  _____
_____  _____
_____  _____
_____  _____

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____
(Date)

_____
Signature

_____
Corporate Position

Initials _____

## Consent to Release of Financial Records

      I, David Botton, Manager of Kirkland Young, LLC, do hereby direct any bank, trust company, brokerage, saving and loan, thrift, credit union or financial institution at which I maintain or have maintained an account, and its officers, employees, and agents to disclose all information and deliver copies of all documents of every nature in their possession or control that relate to any such accounts, to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of the <u>Federal Trade Commission v. Kirkland Young, LLC, *et al*.</u>, Case No. _____ now pending in the United States District Court for the Southern District of Florida, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States that restrict or prohibit disclosure of financial information without the consent of the holder of the account or its officers, and shall be construed as consent with respect thereto.

Dated: _____

Signed:

_____
David Botton

# ATTACHMENT C



**BROAD AND CASSEL**
ATTORNEYS AT LAW

ONE BISCAYNE TOWER, 21ST FLOOR
2 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131
TELEPHONE: 305.373.9400
FACSIMILE: 305.373.9443
www.broadandcassel.com

MARK F. RAYMOND, P.A.
MANAGING PARTNER
DIRECT LINE: 305.373.9425
DIRECT FACSIMILE: 305.995.6385
EMAIL: MRaymond@BroadandCassel.com

November 6, 2009

**VIA FEDEX**
**AND EMAIL (CCouillou@ftc.gov)**
Chris M. Couillou, Esq.
Federal Trade Commission
South Tower, Suite 1500
255 Peachtree Street
Atlanta, GA 30303

Dear Mr. Couillou:

This letter responds to your inquiry regarding my interest and qualifications to serve, if selected, as a court-appointed receiver concerning a potential action to be initiated by the Federal Trade Commission ("FTC") in the United States District Court for the Southern District of Florida.

Enclosed for your review is my resume and that of my partners, Rhett Traband and Daniel Newman, and certain of our associates. My resume lists those cases in which I have had substantial participation as a receiver or lead counsel to equity receivers for the FTC, SEC, CFTC, Florida Department of Insurance and Florida Attorney General. It also details my background in commercial and fraud litigation, which I believe is pertinent to my qualifications to serve as a court-appointed receiver. Additionally, throughout my career I have developed an expertise tracing assets, including foreign bank accounts. These efforts include negotiating with government officials in the Cayman Islands, the Bahamas, Panama, and Switzerland, to name just a few. In many instances, court proceedings were commenced and each time successfully concluded with the repatriation of foreign assets for the benefit of creditors. As a result of my tracing efforts I have developed excellent relationships with professionals in many countries upon whom I can call as circumstances dictate.

I am currently serving as the receiver in an FTC action pending in the United States District Court for the Southern District of Florida styled *FTC v. SlimAmerica, Frank J. Sarcone and Robert Wyman*, 97-6072-Civ-Ferguson. The *SlimAmerica* fraud involves millions of dollars in consumer claims, as well as, over 5,000 defrauded consumers. Prior to being appointed receiver, I served as lead counsel in the case. After a bench trial which I tried, the District Court entered an $8.5 million judgment and a life-time bar against the defendants. Under my supervision, and through my efforts, monies were repatriated from off-shore banking havens and distributed to defrauded consumers. We made distributions to consumers in excess of their losses and distributed a surplus to the U.S. Treasury. The principal fraudster, Frank Sarcone, is currently in federal custody awaiting trial.

BOCA RATON · DESTIN · FT. LAUDERDALE · MIAMI · ORLANDO · TALLAHASSEE · TAMPA · WEST PALM BEACH

ATTACHMENT "D"

Chris M. Couillou, Esq.
Federal Trade Commission
November 6, 2009
Page 2

Early in my career, in 1985, I served as an attorney for the Receiver in the matter of ESM Government Securities Corp. I was responsible for investigating and overseeing both the bankruptcy and the ongoing business operations of ESM involving over $300 million in debts and $100 million in assets. After several successful trials, in which I had major roles, I oversaw the distribution of approximately $280 million to fraud victims. In 1995, I served as lead counsel to the Receiver in an SEC action pending in the United States District Court for the Southern District of Florida styled *SEC v. Gemco Oil Development, Inc., General Minerals Corporation, Carl E. Royse and Jeanette Graham*, 94-2724-Civ-Ferguson. In that capacity, I was responsible for identifying, marshalling, administering and recovering assets, as well as assisting the Receiver in formulating and implementing the receivership strategy.

In 2001, I served as lead attorney to the equity receiver at the request of the State of Florida Office of Attorney General in the case of Euro Club, Inc. With the assistance of the Attorney General's office, we recovered several million dollars. Significantly, only a few hundred thousand dollars was readily available at the beginning of the case, but through our tracing efforts millions were recovered. In addition, numerous defendants are serving prison terms based on their role in the fraud.

While serving as counsel to several equity receivers appointed by the United States District Court for the Southern District of Florida, including Omni Capital Group, Unique Gems, and Premium Sales, I oversaw the wind-up of business operations and over $300 million was recovered for distribution to creditors and defrauded investors.

Based upon my 24 years of experience in receivership and insolvency cases, I am able to quickly and efficiently monitor and administer large and complex cases as well as smaller cases. My partners and I have successfully served as receivers or as lead counsel overseeing dozens of cases, and their related entities, varying in size and complexity.

Equally important, we have represented individuals and entities that were adverse to receivers in the past and, thus, we are thoroughly familiar with the claims and defenses asserted in these types of proceedings. Furthermore, our practice for the past two decades has been concentrated in complex financial litigation in both federal and state courts and in arbitration proceedings. For example, we routinely litigate complex business disputes against firms involving deceptive trade practices and telemarketing schemes. During the past year I have filed mortgage fraud cases on behalf of financial institutions and investors arising out of the mortgage crisis.

I understand that all fees and costs in these types of cases are subject to both the availability of assets and to approval by the United States District Court overseeing the receivership. My current hourly rate is $495 an hour. For purposes of serving in this case, however, I will (i) reduce my hourly rate to $340; and (ii) not bill for travel time and, if applicable, always fly at the lowest obtainable coach rates. If my law firm (or any other law firm) is selected to represent me, I will ensure that fees and costs are closely monitored. My goal is to maximize recovery for consumers while keeping costs at a minimum. In this regard, my

Chris M. Couillou, Esq.
Federal Trade Commission
November 6, 2009
Page 3

partners, two of whom also have substantial receivership experience as referenced above, Daniel S. Newman (regular hourly rate of $425) and Rhett Traband (regularly hourly rate of $400), would be billed at $290 per hour. The hourly billing rates at my firm for associates range from $160 to a maximum of $265 (for senior associates). Associates would be billed at their standard rate if less than $200 per hour and would be capped at a maximum rate of $240 per hour. In addition, as a Firm policy, we do not bill for secretarial overtime or bill for any work performed by secretaries. Furthermore, it is our Firm practice to bill costs at our direct cost, with no markup for overhead.

Should the case require the services of forensic computer specialists or accountants, we have worked closely with several boutique firms located in South Florida and elsewhere and would be able to expedite their retention as well as seek discounts from their standard rates. Likewise, my experience in tracing and repatriating foreign assets allows me to call upon contacts worldwide to freeze and secure monies.

My firm and my partners have extensive experience in receivership and insolvency work. We also have a tremendous amount of trial experience throughout the State of Florida and command the resources of a state-wide law firm. In short, I am very interested in serving as a receiver and believe I possess the necessary judgment, experience, and commitment to serve with distinction.

I appreciate being considered to serve as a receiver. Given my experience, I am confident that I will achieve the objectives of the FTC and the District Court, if appointed. Thank you for your consideration. If you have any further questions, please do not hesitate to contact me.

Most sincerely,

Mark F. Raymond

MFR/bar
Enclosures

4825-7193-2421.1
35311-0001



# ATTORNEY PROFILE

## CONTACT INFORMATION

*One Biscayne Tower*
*2 South Biscayne Blvd.*
*21st Floor*
*Miami, FL 33131*

**Phone:** 305.373.9400
**Fax:** 305.373.9443
*www.broadandcassel.com*

**Email:** *mraymond@broadandcassel.com*

## CAREER PROFILE

### POSITION:
Managing Partner

### AREAS OF PRACTICE:
Commercial Litigation
Real Estate Litigation

### ADMITTED:
Florida, 1983

### COURTS:
U.S. District Court of Appeals, 11th
Circuit, 1983
U.S. District Court, Middle and Southern
Districts of Florida, 1990, 1985

### EDUCATION:
**University of Miami School of Law**
Coral Gables, Florida, 1983
J.D., Doctor of Jurisprudence

**Babson College**
Wellesley, Massachusetts, 1980
B.S., Business Administration

### AFFILIATIONS:
**The Florida Bar**
Business Law Section, Trial Lawyers Section,
Securities Law Section

**American Bar Asssociation**
Member, Business Law Section and Section
of Litigation

**Dade County Bar Association**
Member, Board of Directors and Securities
Litigation Committee

# Mark F. Raymond

Mark F. Raymond is the Managing Partner in the Miami office of Broad and Cassel and serves on the Firm's Executive Committee. He is a member of the Firm's Complex Commercial Litigation, Real Estate Litigation and Securities Litigation Practice Groups.

- Mr. Raymond has been involved in complex commercial litigation for over 25 years. Prior to joining Broad and Cassel, he was a founding Partner of Tew Cardenas LLP. His extensive practice has included advising the Boards of Directors and General Counsel of many prominent companies. He has litigated numerous high profile cases, principally throughout Florida, in the past quarter century. Mr. Raymond focuses his practice in resolving complex matters and litigating them as a last resort. He specializes in complex commercial litigation in both state and federal courts, and arbitrations before FINRA, ICDR and AAA. His practice includes defending class actions.

- Mr. Raymond has been repeatedly honored for Bet-the-Company Litigation by the leading legal guide "The Best Lawyers in America," published by Woodward and White and has been recognized in other publications for his commercial litigation expertise, including most recently the *Business Leader* honored him as a "2009 South Florida Power Player." He also holds an AV rating with Martindale-Hubbell, a rating achieved by only 5 percent of attorneys. The rating indicates that the attorney "has reached the height of professional excellence" and is "recognized for the highest levels of skill and integrity." Mr. Raymond  repeatedly has been designated a "Florida Legal Elite" in *Florida Trend Magazine*, a "Florida Super Lawyer" by *Law & Politics* magazine and a "Top Attorney" in the areas of Securities Litigation and Complex Commercial Litigation by the *South Florida Legal Guide*.

- In June 2009, Mr. Raymond successfully defended the Brussels-based company of BDO International B.V. against claims that it was liable for $520 million in damages resulting from allegedly failed audits of a Florida-based factoring company, E.S. Bankest, LLC. The audits were performed by the U.S. member firm of the BDO International Network. The jury rejected the Plaintiffs' claims and implicitly endorsed the accounting industry's position that each and every accounting firm is independently owned and operated.

- In February 2007, Mr. Raymond obtained a resounding victory for a defendant in a high profile accounting malpractice suit. After a five-week trial, Mr. Raymond convinced the Court that the case against his client should be dismissed in its entirety, and the Court agreed.





**BROAD AND CASSEL**
ATTORNEYS AT LAW

ATTORNEY PROFILE

## CONTACT INFORMATION

*One Biscayne Tower*
*2 South Biscayne Blvd.*
*21st Floor*
*Miami, FL 33131*

**Phone:** *305.373.9400*
**Fax:** *305.373.9443*
*www.broadandcassel.com*

**Email:** *mraymond@broadandcassel.com*

### CAREER PROFILE

**POSITION:**
Managing Partner

**AREAS OF PRACTICE:**
Commercial Litigation
Real Estate Litigation

**ADMITTED:**
Florida, 1983

**COURTS:**
U.S. District Court of Appeals, 11th
Circuit, 1983
U.S. District Court, Middle and Southern
Districts of Florida, 1990, 1985

**EDUCATION:**
**University of Miami School of Law**
Coral Gables, Florida, 1983
J.D., Doctor of Jurisprudence

**Babson College**
Wellesley, Massachusetts, 1980
B.S., Business Administration

**AFFILIATIONS:**
**The Florida Bar**
Business Law Section, Trial Lawyers Section,
Securities Law Section

**American Bar Asssociation**
Member, Business Law Section and Section of
Litigation

**Dade County Bar Association**
Member, Board of Directors and Securities
Litigation Committee

# Mark F. Raymond

- In July 2007, an International Arbitration Panel found that the subsidiary of a foreign government had "patently breached its contract" with Mr. Raymond's client, a Fortune 100 company.

- In a case against Raytheon Corporation where they were seeking $18 million from Mr. Raymond's client, he developed and executed a strategy that was a reversal of fortune for Raytheon Corporation and a tremendous victory for his client, where the client instead of having to pay $18 million to Raytheon, recovered $8.8 million.

- Mr. Raymond's practice also includes Federal Court litigation, defending corporations, as well as representing Receivers appointed by the courts and agencies such as the Securities and Exchange Commission, Federal Trade Commission, CFTC, and the Florida Attorney General's Office.

- Mr. Raymond was the lead attorney for the Plaintiff, a Fortune 100 Company, against an industrial contractor for breach of contract. The case resulted in a $50 million settlement for the client.

- He is highly regarded in the legal community for his ability to assist clients in addressing and extricating themselves from difficult and potentially costly situations, often without litigation.

- He represented the FTC Receiver of a company in a diet products fraud case, and obtained a trial judgment of $8.5 million for the benefit of fraud victims.

- Much of Mr. Raymond's practice has involved securities litigation, arising out of the tremendous monetary losses investors suffered as a result of the brokerage industry's frauds and other acts of malfeasance.

- His representation of investors has resulted in tens of millions of dollars of settlements and arbitration awards in favor of his clients. On behalf of private investors, Mr. Raymond has received numerous favorable settlements and judgments for his clients, recent totals exceed $77 million.

- Mr. Raymond served as the lead counsel to the Receiver appointed by the Broward Circuit Court, upon the application of the Florida Attorney General's Office, where he oversaw all aspects of a $10 million multi-state telemarketing scam involving the fraudulent pooling of lottery tickets. The case involved over 8,000 defrauded consumers.

- Mr. Raymond represented numerous investors against a national broker/dealer for fraud which resulted in settlements exceeding $6.2 million. He also represented an investment banking firm against a company which resulted in a $1.2 million arbitration panel award for the client.

Mr. Raymond is active in various professional and community organizations.