## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.09-23507-CIV-GOLD/MCALILEY

FEDERAL TRADE COMMISSION,

     Plaintiff,

     v.

Kirkland Young, LLC, a limited liability
company, Attorney Aid, LLC, a limited liability
company, David Botton, April Botton Krawiecki,
and Samy Botton,

     Defendants.

## STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION
## AND SETTLEMENT OF CLAIMS

     Plaintiff Federal Trade Commission ("Commission" or "FTC") commenced this civil action on November 18, 2009, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, to obtain preliminary and permanent injunctive and other equitable relief for Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Telemarketing Sales Rule, 16 C.F.R. § 310.3, in connection with the marketing and sale of mortgage loan modification and foreclosure relief services. The FTC subsequently filed an amended complaint ("Amended Complaint") on December 11, 2009. The FTC and Defendants Kirkland Young, LLC, Attorney Aid, LLC, David Botton, April Botton Krawiecki, and Samy Botton ("Defendants"), hereby stipulate to the entry of this Final Order for Permanent Injunction and Settlement of Claims ("Order").

## FINDINGS

     By stipulation of the parties and being advised of the premises, the Court finds:

1.      This is an action by the FTC instituted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).  The Amended Complaint seeks both permanent injunctive relief and consumer redress for Defendants' alleged deceptive acts or practices in connection with the marketing and sale of mortgage loan modification and foreclosure relief services.

2.      The FTC has the authority under Section 13(b) of the FTC Act to seek the relief it has requested, and the Amended Complaint states a claim upon which relief can be granted against Defendants.

3.      This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendants.  Venue in the Southern District of Florida is proper.

4.      The activities of Defendants, as alleged in the Amended Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.      The parties stipulate and agree to entry of this Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Amended Complaint to the date of entry of this Order.  This settlement does not settle and resolve any matters not alleged in the Amended Complaint. Defendants do not admit any of the allegations set forth in the Amended Complaint, other than the jurisdictional facts, merely by stipulating and agreeing to the entry of this Order.

6.      Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.  Each settling party shall bear its own costs and attorneys fees.

7.      This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

2

8.      Entry of this Order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.      "*Assisting others*" includes, but is not limited to, providing any of the following goods or services to another person:  (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication; (c) providing names of, or assisting in the generation of, potential customers; (D) performing marketing services of any kind; or (E) acting or serving as an owner, officer, director, manager, or principal of any entity.

2.      "*Credit*" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

3.      "*Debt relief good or service*" means any good, service, plan, or program, including debt management plans, debt settlement, debt negotiation, and for-profit credit counseling,  represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors, servicers, or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor, servicer, or debt collector.

4.      "*Defendants*" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination. "*Corporate Defendants*" means Kirkland Young, LLC, and Attorney Aid, LLC, and their successors and assigns, *provided*

3

*however*, it does not include the Receiver and the receivership estate. **"*Individual Defendants*"** means David Botton, April Botton Krawiecki and Samy Botton.

5.      **"*Financial related good or service*"** means any good, service, plan, or program that is represented, expressly or by implication, to (A) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; (B) improve, or arrange to improve, any consumer's credit record, credit history, or credit rating; (c) provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; (D) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; (E) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, debt relief goods or services; or (F) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

6.      **"*Federal homeowner relief or financial stability program*"** means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to (A) the Making Home Affordable Program; (B) the Financial Stability Plan; (c) the Troubled Asset Relief Program and any other program sponsored or operated by the United States Department of the Treasury; (D) the HOPE for Homeowners program, any program operated or created pursuant to the Helping Families Save Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration; or (E)

any program sponsored or operated by the United States Department of Housing and Urban
Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation
Foundation, or any other HUD-approved housing counseling agency.

      7.     ***"For-profit"*** means any activity organized to carry on business for the profit of
the entity engaging in the activity or that of its members.

      8.     ***"Material fact"*** means any fact that is likely to affect a person's choice of, or
conduct regarding, goods or services.

      9.     ***"Mortgage loan modification or foreclosure relief service"*** means any good,
service, plan, or program that is represented, expressly or by implication, to assist a consumer in
any manner to (A) stop, prevent, or postpone any home mortgage or deed of trust foreclosure
sale; (B) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage;
(c) obtain any forbearance from any mortgage loan holder or servicer; (D) exercise any right of
reinstatement of any mortgage loan; (E) obtain, arrange, or attempt to obtain or arrange any
extension of the period within which the owner of property sold at foreclosure may cure his or
her default or reinstate his or her obligation; (F) obtain any waiver of an acceleration clause
contained in any promissory note or contract secured by a deed of trust or mortgage on a
residence in foreclosure or contained in that deed of trust; (G) obtain a loan or advance of funds
that is connected to the consumer's home ownership; (H) avoid or ameliorate the impairment of
the consumer's credit record, credit history, or credit rating that is connected to the consumer's
home ownership; (I) save the consumer's residence from foreclosure; (J) assist the consumer in
obtaining proceeds from the foreclosure sale of the consumer's residence; (K) obtain or arrange
a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (L) obtain or arrange a
refinancing, recapitalization, or reinstatement of a home loan, deed of trust, or mortgage; (M)

audit or examine a consumer's mortgage or home loan application; or (N) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of property sold at foreclosure may continue to occupy the property. The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, credit, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; and giving advice of any kind with respect to filing for bankruptcy.

10.     *"Person"* means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

11.     *"Receiver"* means Mark F. Raymond, Esquire.

12.     *"Servicer"* means any beneficiary, mortgagee, trustee, loan servicer, loan holder, or other entity that performs loan or credit account administration or processing services and/or its authorized agents.

13.     *"Telemarketing"* means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call. The term does not include the solicitation of sales through the mailing of a catalog which: contains a written description or illustration of the goods or services offered for sale; includes the business address of the seller; includes multiple pages of written material or illustrations; and has been issue not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone but only receives calls initiated by customers in response to the catalog and during those calls takes orders only without further solicitation. For purposes of the previous sentence, the term "further solicitation" does not include providing the customer with

information about, or attempting to sell, any other item included in the same catalog, which prompted the customer's call or in a substantially similar catalog.

## ORDER

### BAN ON MORTGAGE LOAN MODIFICATION AND FORECLOSURE RELIEF SERVICES

**I.      IT IS THEREFORE ORDERED** that Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from

      **A.**      Advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service; and

      **B.**      Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service.

### PROHIBITED REPRESENTATIONS RELATING TO FINANCIAL RELATED GOODS AND SERVICES

**II.      IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial related good or service, are hereby permanently restrained and enjoined from:

      **A.**      Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

            1.      The terms or rates that are available for any loan or other extension of credit, including but not limited to:

7

(a)     closing costs or other fees;

(b)     the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

(c)     the savings associated with the credit;

(d)     the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

(e)     whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

(f)     that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

(g)     that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2.     That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

3.     Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

4.     Any aspect of any debt relief good or service, including but not limited to,

8

the amount of savings a consumer will receive from purchasing, using, or enrolling in such debt

relief good or service; the amount of time before which a consumer will receive settlement of the

consumer's debts; or the reduction or cessation of collection calls; and

      5.      That a consumer will receive legal representation;

      **B.**      Advertising or assisting others in advertising credit terms other than those terms

that actually are or will be arranged or offered by a creditor or lender.

## PROHIBITED REPRESENTATIONS RELATING TO ANY GOODS OR SERVICES

**III.**    **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

employees, and attorneys, and those persons or entities in active concert or participation with

any of them who receive actual notice of this Order by personal service, facsimile transmission,

email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or

other device, in connection with the advertising, marketing, promotion, offering for sale or sale

of any good, service, plan, or program are hereby permanently restrained and enjoined from

misrepresenting or assisting others in misrepresenting, expressly or by implication, any material

fact, including but not limited to:

      **A.**      Any material aspect of the nature or terms of any refund, cancellation, exchange,

or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full

or partial refund, or the circumstances in which a full or partial refund will be granted to the

consumer;

      **B.**      That any person is affiliated with, endorsed or approved by, or otherwise

connected to any other person, government entity, any federal homeowner relief or financial

stability program, or any other program;

C.     The total costs to purchase, receive, or use, and the quantity of, the good or service;

D.     Any material restriction, limitation, or condition to purchase, receive, or use the good or service; and

E.     Any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

### PROHIBITION AGAINST VIOLATING THE TELEMARKETING SALES RULE

**IV.     IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good or service are hereby permanently restrained and enjoined from violating or assisting others in violating any provision of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, including, but not limited to:

A.     Section § 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting, directly or indirectly, material aspects of the performance, efficacy, nature or central characteristics of the goods or services that are the subject of the sales offer; and

B.     Section § 310.3(a)(2)(vii) of the TSR, 16 C.F.R. § 310.3(a)(2)(vii), by misrepresenting, directly or indirectly, a seller's or telemarketer's affiliation with, or endorsement or sponsorship by, any person or government entity.

## PROHIBITIONS ON USE OF CUSTOMER INFORMATION

**V.**     **IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

A.     disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, and

B.     failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

C.     **Provided, however,** that customer information need not be disposed of, and may be disclosed, to the extent requested by the Receiver, a government agency or required by a law, regulation, or court order.

### MONETARY JUDGMENT

**VI.**     **IT IS FURTHER ORDERED** that:

11

A.      Judgment is hereby entered against Defendants, jointly and severally, in the amount of six million one hundred fifty eight thousand four hundred twenty six dollars and five cents ($6,158,426.05).

B.      Except as provided in Section VII of this Order, titled "Right to Reopen as to Monetary Judgment," the judgment shall be suspended as to Defendant David Botton upon satisfaction of the following conditions:

1.      Defendant David Botton shall transfer to the Receiver, within five (5) business days of the date of the entry of this Order, the balance of all funds in the account ending in 1614 held by the bank formerly known as Wachovia Bank, now Wells Fargo, by wire transfer in accordance with directions provided by a representative of the Commission, or in such other manner as agreed to by the representative;

2.      Defendant David Botton shall transfer to the Receiver, within five (5) business days of the entry of this Order, one thousand three hundred and fifty dollars ($1,350.00), in addition to funds transferred pursuant to Section VI.B.1, by wire transfer in accordance with directions provided by a representative of the Commission, or in such other manner as agreed to by the representative;

3.      Defendant David Botton shall transfer to the Receiver, within five (5) business days of the entry of this order, all right, title and interest to and possession of his Mastercraft Boat CSX.  The Receiver shall liquidate the asset in accordance with Section VIII of the Order, titled "Receivership Provisions;"

4.      Defendant David Botton shall transfer to the Receiver, within five (5) business days of the entry of this order, all right, title and interest to and possession of a 2003 BMW M3 with the Florida registration number of 99411801, which is currently held in the name

of Linda Howard.  The Receiver shall liquidate this asset in accordance with Section VIII of the Order, titled "Receivership Provisions;"

       5.      Defendant David Botton shall transfer to the Receiver, within five (5) business days of the entry of this order, all right, title and interest to and possession of the entire investment Defendant David Botton made through Chemtov Mortgage Group.  The Receiver shall liquidate the asset in accordance with Section VIII of the Order, titled "Receivership Provisions;"

       6.      Defendant David Botton shall immediately surrender to the Receiver all his right, title and interest to, and possession of all his real property, including the condominium at 7129 S. Marina Pacifica, Long Beach, CA 90803.  The Receiver shall liquidate such assets in accordance with Section VIII of the Order, titled "Receivership Provisions."  The proceeds from the sale shall be paid to the FTC.  Defendant David Botton shall execute all documents necessary and provide full cooperation to the Receiver to effect foreclosure, sale, or transfer of his real property;  and

       7.      Defendant David Botton shall provide full cooperation to the Receiver in carrying out his duties pursuant to Section VIII of this Order, titled "Receivership Provisions," including the collection of receivership property.

     C.      Except as provided in Section VII of this Order, titled "Right to Reopen as to Monetary Judgment," the judgment shall be suspended as to Defendant April Botton Krawiecki upon satisfaction of the following conditions:

       1.      Defendant April Botton Krawiecki shall immediately surrender to the Receiver all her right, title and interest to, and possession of all her real property, including the condominium at 1155 North La Cienege Blvd. #807 W. Hollywood, California 90069.  The

13

Receiver shall liquidate such assets in accordance with Section VIII of the Order, titled "Receivership Provisions." The proceeds from the sale shall be paid to the FTC. Defendant April Botton Krawiecki shall execute all documents necessary and provide full cooperation to the Receiver to effect foreclosure, sale, or transfer of his real property; and

        2.      Defendant April Botton Krawiecki shall provide full cooperation to the Receiver in carrying out his duties pursuant to Section VIII of this Order, titled "Receivership Provisions."

        D.      Except as provided in Section VII of this Order, titled "Right to Reopen as to Monetary Judgment," the judgment shall be suspended as to Defendant Samy Botton upon satisfaction of the following conditions:

        1.      Defendant  Samy Botton shall transfer three hundred thousand dollars ($300,000.00) to the Receiver, within five (5) business days of the entry of this order by wire transfer in accordance with directions provided by a representative of the Commission, or in such other manner as agreed to by the representative; and.

        2.      Defendant Samy Botton shall provide full cooperation to the Receiver in carrying out his duties pursuant to Section VIII of this Order, titled "Receivership Provisions."

E.      Except as provided in Section VII of this Order, titled "Right to Reopen as to Monetary Judgment," the judgment shall be suspended as to Defendants Kirkland Young, LLC, and Attorney Aid, LLC, upon satisfaction of the following conditions:

1.      The Receiver shall return all escrow funds in the possession of the receivership to consumers who provided those funds in connection with their purchase of loan modification services through Defendants Kirkland Young, LLC, and Attorney Aid, LLC, *provided however,* that fees and costs incurred in returning the escrow funds may be deducted from those funds. Defendants shall have no right to challenge the distribution of funds under this provision. Any escrow funds that cannot be returned because the consumers providing those funds cannot be located with reasonable effort shall be distributed under Section VI.E.2 of this Order;

2.      After return of escrow funds as provided in Section VI.E.1, the Receiver shall use the remainder of all funds held by the receivership, including proceeds from the liquidation of assets transferred to the receivership, for further equitable relief. The identities of the consumers to receive such funds and the amounts to be returned to them shall be determined by the Receiver in consultation with counsel for the Plaintiff FTC; *provided however,* that fees and costs incurred in returning these funds may be deducted by the Receiver from the funds. Defendants shall have no right to challenge the distribution of funds under this provision. After returning the funds to consumers under Sections VI.E.1 and VI.E.2 of this Order, the Receiver shall provide a final redress distribution report to the Court and the FTC. The final redress distribution report shall include the total amounts returned under Sections VI.E.1 and VI.E.2 of this Order, the identities of consumers receiving the funds and the amounts received by each of them. Any funds that cannot be returned because the consumers cannot be located with

15

reasonable effort shall be turned over to the FTC for disposition under Section VI.G of this Order; and

        3.     Defendants Kirkland Young, LLC, and Attorney Aid, LLC; shall transfer to the Commission all of their assets, if any, not in the possession of the receivership.

      F.     The Individual Defendants shall immediately transfer to the Commission any tax refund that they may receive for taxes paid in 2008, 2009 and 2010.

      G.     Any funds received by the FTC or its agents pursuant to this Section and Section VIII of this Order, titled "Receivership Provisions," shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds. Defendants will cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief, including but not limited to consumer information remedies, as the FTC determines to be reasonably related to the practices alleged in the Amended Complaint. Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement. Defendants shall have no right to challenge the FTC's choice of remedies or the manner of distribution.

      H.     Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

      I.     Defendants agree that the facts as alleged in the Amended Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil

litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

   J. The judgment entered pursuant to this Section is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture.

   K. Upon request, Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC their taxpayer identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

   L. Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

   M. Defendants shall take no deduction, capital loss, write-off, or any other tax benefit on any federal or state tax return, amended tax return, IRS Form 1045, or any other tax filing, for all or any part of any payment toward satisfaction of this judgment.

## RIGHT TO REOPEN

**VII. IT IS FURTHER ORDERED** that:

   A. The Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' financial condition, as represented in the Financial Statements signed by David Botton (dated February 26, 2010), April Botton Krawiecki

(dated February 26, 2010, for herself and February 16, 2010, for ABK Consultants, Inc.), and Samy Botton (dated March 10, 2010 for himself, and April 21, 2010, for JDBAS, Inc.), the corporate defendant Financial Statement for Kirkland Young, LLC (signed by David Botton and April Botton Krawiecki and dated respectively March 25, 2010, and March 23, 2010) (collectively the "Financial Statements"), and the sworn oral statements taken of David Botton (taken on November 11, 2010), April Krawiecki Botton (taken on November 17, 2010), Samy Botton (taken on November 10, 2010), and Bridget Grant (taken on November 10, 2010, regarding Attorney Aid, LLC) which contain material information upon which the Commission relied in negotiating and agreeing to the terms of this Order.

B.    If, upon motion of the FTC, the Court finds that any Defendant(s) failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation or omission concerning the Defendant's financial condition, the Court shall lift the suspension of the judgment in Section VI of this Order as to that Defendant and the entire judgment amount, less the sum of transfers previously made, shall become immediately due and payable by that Defendant. *Provided, however*, that in all other respects, this Order shall remain in full force and effect, unless otherwise ordered by the Court.

C.    Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## RECEIVERSHIP PROVISIONS

**VIII.  IT IS FURTHER ORDERED that:**

A.    Except as modified by this section of the Order, the receivership imposed by this Court shall continue as previously ordered in the Order to Show Cause and *Ex Parte* Temporary

18

Restraining Order with Asset Freeze and Other Equitable Relief [DE 19], the Order Concerning Motion Hearing on December 17, 2009, and Clarification of the Temporary Restraining Order Dated November 19, 2009 [DE 84], and the Order Following Status Conference on Defendants' Emergency Motion to Continue Preliminary Injunction Hearing, Extension of Time for Temporary Restraining Order and Stay of Discovery [DE 100].

     B.     The Receiver is directed and given authority to accomplish the following:

          1.     Take all actions reasonably necessary and available under applicable state and federal law to locate, seize, and take custody, control and possession of all assets to be surrendered, transferred, assigned, or conveyed to the Receiver pursuant to Section VI of this Order titled "Monetary Judgment," hereinafter referred to as the "Liquidation Assets;"

          2.     Perform all acts necessary to protect, conserve, preserve, and prevent from waste or dissipation the Liquidation Assets;

          3.     Take all steps necessary to liquidate all Liquidation Assets;

          4.     Execute all documentation necessary for or relating to the liquidation of the Liquidation Assets;

          5.     Enter into agreements in connection with the performance of the Receiver's duties, including, but not limited to: (1) the movement and storage of any Liquidation Assets; and (2) the retention of assistants, agents or other professionals to assist in the liquidation of the Liquidation Assets; and

          6.     Prepare and submit periodic reports, as necessary, to this Court and to the Plaintiff, describing the Liquidation Receiver's efforts to comply with the terms of this Order, and recommending any additional action required by this Court.

C.      The Receiver shall continue to be entitled to compensation for the performance of

his duties pursuant to this Order, from the assets of the receivership estate, at the billing rate

previously agreed to by the Receiver.

D.      In addition to liquidating assets and collecting debts owed to Defendants, the

Receiver shall finalize the affairs of the receivership estate as expeditiously as possible.

E.      Upon finalization of all business of the receivership estate, including collection of

all debts and liquidation of all assets, the Receiver shall submit a final report to the Court,

including a final accounting and request for payment, together with a request for termination of

the receivership and discharge.

F.      After (1) satisfaction of all receivership duties, including filing of the Receiver's

final report and the Court's approval of the same, and (2) final payment of the Receiver's fees and

expenses, the Receiver shall turnover to the Commission all remaining funds in the receivership

estate for disposition under Section VI.G of this Order.  All funds turned over to the Commission

shall be applied to the amount owing under the paragraph titled "Monetary Judgment" of this

Order.

G.      Defendants release, discharge and waive all rights against the Receiver, the

receivership estate and those persons that the Receiver employed in this matter from any and all

claims, demands, actions, causes of actions, or suits that now exist or may hereafter accrue,

whether known or unknown that relate to this Order or to the lawsuit that is the subject of this

Order.

## PROHIBITION ON COLLECTING ACCOUNTS

IX.     **IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants,

employees, attorneys, and all other persons in active concert or participation with them who

receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby permanently restrained and enjoined from attempting to collect, collecting, selling, or assigning, or otherwise transferring any right to collect payment from any consumer who purchased or agreed to purchase mortgage loan modification or foreclosure relief services from Kirkland Young, LLC, or Attorney Aid, LLC, *provided however,* that this provision shall not prevent the Receiver from collecting fees for loan modifications accomplished during the course of the Receivership to the extent such collection is authorized by order of the Court.

## COOPERATION WITH FTC

**X.     IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigation or litigation related to or associated with the transactions or the occurrences that are the subject of the FTC's Amended Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC.  If requested in writing by the FTC, Defendants shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint as it may be amended, without the service of a subpoena, *provided however,* that Defendants shall be entitled to receive any witness fees and expenses allowable pursuant to Federal Rule of Civil Procedure 45.

## DISSOLUTION OF ASSET FREEZE

**XI.     IT IS FURTHER ORDERED** that the freeze on the Assets of the Defendants shall remain in effect until the Defendants has taken all the actions required by the Section VI titled

21

"Monetary Judgment," *provided, however*, that Defendants, with the express written consent of counsel for the Commission, may transfer funds to the extent necessary to make all payments required by the Section titled "Monetary Judgment." Once a Defendant has fully complied with the requirements of the Section titled "Monetary Judgment," the freeze against the Assets of the Defendants shall be lifted permanently. A financial institution shall be entitled to rely upon a letter from the counsel for the Commission stating that the freeze on the assets of a Defendant has been lifted.

## COMPLIANCE MONITORING

**XII.   IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of any Defendants' financial statements upon which the Commission's agreement to this Order is expressly premised:

A.   Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B.   In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1.   obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2.   having its representatives pose as consumers and suppliers to Defendants, their

employees, or any other entity managed or controlled in whole or in part by any

Defendant, without the necessity of identification or prior notice; and

C.     Defendants each shall permit representatives of the Commission to interview any

employer, consultant, independent contractor, representative, agent, or employee who has

agreed to such an interview, relating in any way to any conduct subject to this Order.  The

person interviewed may have counsel present.

*Provided however,* that nothing in this Order shall limit the Commission's lawful use of

compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to

obtain any documentary material, tangible things, testimony, or information relevant to unfair or

deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING

**XIII.  IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this

Order may be monitored:

A.     For a period of five (5) years from the date of entry of this Order,

    1.     Each Individual Defendant shall notify the Commission of the following:

        a.     Any changes in such Defendant's residence, mailing addresses, and

telephone numbers, within ten (10) days of the date of such change;

        b.     Any changes in such Defendant's employment status (including self-

employment), and any change in such Defendant's ownership in any

business entity, within ten (10) days of the date of such change.  Such

notice shall include the name and address of each business that such

Defendant is affiliated with, employed by, creates or forms, or performs

services for; a detailed description of the nature of the business; and a

detailed description of such Defendant's duties and responsibilities in

connection with the business or employment; and

c.      Any changes in such Defendant's name or use of any aliases or fictitious

names within ten (10) days of the date of such change;

2.      Defendants shall notify the Commission of any changes in structure of any

Corporate Defendant or any business entity that any Defendant directly or

indirectly controls, or has an ownership interest in, that may affect compliance

obligations arising under this Order, including but not limited to:  incorporation or

other organization; a dissolution, assignment, sale, merger, or other action; the

creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts

or practices subject to this Order; or a change in the business name or address, at

least thirty (30) days prior to such change, *provided* that, with respect to any such

change in the business entity about which a Defendant learns less than thirty (30)

days prior to the date such action is to take place, such Defendant shall notify the

Commission as soon as is practicable after obtaining such knowledge.

B.      One hundred eighty (180) days after the date of entry of this Order and annually thereafter

for a period of five (5) years, Defendants each shall provide a written report to the FTC,

which is true and accurate and sworn to under penalty of perjury, setting forth in detail the

manner and form in which they have complied and are complying with this Order.  This

report shall include, but not be limited to:

1.      For each Individual Defendant:

a.      such Defendant's then-current residence address, mailing addresses, and

telephone numbers;

      b.       such Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

      c.       Any other changes required to be reported under Subsection A of this Section.

2.      For all Defendants:

      a.       A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;"

      b.       Any other changes required to be reported under Subsection A of this Section.

C.      Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.      For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications to the Commission that are required by this Order to:

                Associate Director for Enforcement
                Bureau of Consumer Protection
                Federal Trade Commission
                600 Pennsylvania Avenue, N.W.
                Washington, D.C.  20580
                RE:  FTC v. Kirkland Young, LLC, Attorney Aid, LLC, David Botton, April Botton Krawiecki and Samy Botton, X #100005.

*Provided* that, in lieu of overnight courier, Defendants may send such reports or

notifications by first-class mail, but only if Defendants contemporaneously send an

electronic version of such report or notification to the Commission at DEbrief@ftc.gov.

E.     For purposes of the compliance reporting and monitoring required by this Order, the

Commission is authorized to communicate directly with each Defendant.

## RECORDKEEPING

**XIV.   IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry

of this Order, Corporate Defendant, and Individual Defendants for any business for which they,

individually or collectively, are the majority owner or directly or indirectly control, are hereby

restrained and enjoined from failing to create and retain the following records:

A.     Accounting records that reflect the cost of goods or services sold, revenues generated, and

the disbursement of such revenues;

B.     Personnel records accurately reflecting:  the name, address, and telephone number of each

person employed in any capacity by such business, including as an independent

contractor; that person's job title or position; the date upon which the person commenced

work; and the date and reason for the person's termination, if applicable;

C.     Customer files containing the names, addresses, phone numbers, dollar amounts paid,

quantity of items or services purchased, and description of items or services purchased, to

the extent such information is obtained in the ordinary course of business;

D.     Complaints and refund requests (whether received directly or indirectly, such as through a

third party,) and any responses to those complaints or requests;

26

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## DISTRIBUTION OF ORDER

XV.   **IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.    Corporate Defendant:  Each Corporate Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.    Individual Defendant as control person:  For any business that an Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership

27

interest, such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.   Individual Defendant as employee or non-control person: For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.   Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

**XVI.   IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

**XVII.   IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED, this ___ day of _____, 201_ .

Honorable Alan S. Gold
United States District Judge

**STIPULATED AND AGREED TO BY:**

**PLAINTIFF FEDERAL TRADE COMMISSION:**

Willard K. Tom
General Counsel

Chris M. Couillou, Court ID No. A5500462
ccouillou@ftc.gov
Robin L. Rock, Court ID No. A5500620
rrock@ftc.gov
Federal Trade Commission
225 Peachtree Street, NE, Suite 1500
Atlanta, Georgia 30303
(404) 656-1353 (Couillou)
(404) 656-1368 (Rock)
Facsimile:  (404) 656-1379
Attorneys for Plaintiff Federal Trade Commission

**DEFENDANTS KIRKLAND YOUNG, LLC, DAVID BOTTON, and APRIL BOTTON KRAWIECKI**

Defendant David Botton, individually and as managing member of Kirkland Young, LLC

Defendant April Krawiecki Botton, individually and as a member of Kirkland Young, LLC

Rumberger, Kirk & Caldwell, P.A.
Counsel for David Botton and April Botton
Krawiecki

Douglas B. Brown, Esq.
dbrown@rumberger.com
Lincoln Plaza, Suite 1400
300 South Orange Ave.
Post Office Box 1873
Orlando, FL 32801
407-872-7300
Fax: 407-841-2133

**STIPULATED AND AGREED TO BY:**

**PLAINTIFF FEDERAL TRADE COMMISSION:**

Willard K. Tom
General Counsel

_____

Chris M. Couillou, Court ID No. A5500462
ccouillou@ftc.gov
Robin L. Rock, Court ID No. A5500620
rrock@ftc.gov
Federal Trade Commission
225 Peachtree Street, NE, Suite 1500
Atlanta, Georgia 30303
(404) 656-1353 (Couillou)
(404) 656-1368 (Rock)
Facsimile: (404) 656-1379
Attorneys for Plaintiff Federal Trade Commission


**DEFENDANTS KIRKLAND YOUNG, LLC, DAVID BOTTON, and APRIL BOTTON KRAWIECKI**


_____

Defendant David Botton, individually and as managing member of Kirkland Young, LLC

_____

Defendant April Krawiecki Botton, individually and as a member of Kirkland Young, LLC

Rumberger, Kirk & Caldwell, P.A.
Counsel for David Botton and April Botton
Krawiecki

_____

Douglas B. Brown, Esq.
dbrown@rumberger.com
Lincoln Plaza, Suite 1400
300 South Orange Ave.
Post Office Box 1873
Orlando, FL 32801
407-872-7300
Fax: 407-841-2133

_____

Mark Raymond, Esquire, as the Court appointed receiver
     for Kirkland Young, LLC
MRaymond@Broadand Cassel.com
One Biscayne Tower, 21ˢᵗ Floor
2 South Biscayne Boulevard
Miami, Florida 33131
305-373-9400
Fax: 305-373-9443

**DEFENDANT ATTORNEY AID, LLC.**

_____

Bridget Grant, managing member of Attorney Aid, LLC

Rothman & Associates, P.A.
Counsel for Attorney Aid, LLC

_____

David Rothman, Esquire
dbr@rothmanlawyers.com
200 South Biscayne Blvd., Suite 2770
Miami, Florida 33131
(305) 358-9000
Fax: (305) 374-5747

_____

Mark Raymond, Esquire, as the Court appointed receiver
     for Attorney Aid, LLC
MRaymond@Broadand Cassel.com
One Biscayne Tower, 21ˢᵗ Floor
2 South Biscayne Boulevard
Miami, Florida 33131
305-373-9400
Fax: 305-373-9443

31

Mark Raymond, Esquire, as the Court appointed receiver
        for Kirkland Young LLC
MRaymond@Broadand Cassel.com
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
305-373-9400
Fax: 305-373-9443

**DEFENDANT ATTORNEY AID, LLC.**

_____
Bridget Grant, managing member of Attorney Aid, LLC

Rothman & Associates, P.A.
Counsel for Attorney Aid, LLC

_____
David Rothman, Esquire
dbr@rothmanlawyers.com
200 South Biscayne Blvd., Suite 2770
Miami, Florida 33131
(305) 358-9000
Fax: (305) 374-5747

Mark Raymond, Esquire, as the Court appointed receiver
        for Attorney Aid, LLC
MRaymond@Broadand Cassel.com
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
305-373-9400
Fax: 305-373-9443

31

**DEFENDANT SAMY BOTTON**

Defendant Samy Botton, individually

Jorden Burt LLP
Counsel for Samy Botton

Richard Sharpstein, Esq.
ras@jordenusa.com
777 Brickell Avenue
Suite 500
Miami, FL 33131-2803
(305) 347-6855
Fax: (305) 372-9928